[L. A. No. 7129. In Bank.—September 11, 1923.]

H. R. SLAYDEN, Respondent, v. M. F. O'DEA et al., Appellants.

[1] CONTRACTS—SECURITY—BONDS.—It is held in this action that the question of whether or not certain advances made by a party to a contractor were agreed and intended to be secured by a certain contract and certain street bonds issued in pursuance thereof was a question of fact to be determined by the trial court from the evidence, and its finding that they were not so secured is binding upon the appellate court.

APPEAL from a judgment of the Superior Court of Los Angeles County. John Perry Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Crouch & Crouch, Bradner W. Lee, Bradner W. Lee, Jr., and Kenyon F. Lee for Appellants.

J. W. Morin for Respondent.

WILBUR, C. J.—This is a second appeal from a judgment in this case, the first being reported in 182 Cal. 500 [189 Pac. 1066]. Upon the first appeal it was held that inasmuch as M. F. O'Dea did not participate in the agreement giving to the plaintiff a lien upon bonds 9 and 10 issued by the county of Los Angeles, that the claims of plaintiff were "subject and subordinate to the prior claims of the appellant [M. F. O'Dea] for reimbursement for the balance due him from the contractor." The only question that may be considered on this appeal is whether or not the finding of the

191 Cal.—50

trial court that two items, one of $232 and the other of $466.41, advanced by M. F. O'Dea to the contractor were secured by the bonds here involved and thus have priority over the claims of the plaintiff.

In this connection it should be observed that under the contract by which M. F. O'Dea agreed to furnish money to the contractor, a copy of which is set in the previous opinion of the court, the amount to be furnished by M. F. O'Dea to the contractor was limited to $6,000. Subsequently, by agreements made from time to time, the amount to be advanced was increased. With reference to the item of $232, the arrangement for the advance was made between Mr. Farmer, acting for the construction company, and Mr. O'Dea. In regard to the transaction Mr. Farmer was not called as a witness. Mr. O'Dea testified in that regard as follows:

"Q. When he came to you about getting the money, what did he say and what did you say? A. Well, he said he needed that much more money to complete everything, and the job had been finished or about finished, and that would be the last. Q. What did you say in response to that? A. Well, I gave it to him. I don't know just what I did say. I had been out there and seen the work. I think I was out there about that day or the day before I gave it to him."

With reference to the advance of $466.41, the witness O'Dea testified as follows:

"Q. Now, about the advance of $466.41, that was the last amount. What did he say when he wanted that? A. He said the electric railway company bill was four hundred and sixty—was that amount for hauling the rock on the street, and he asked me to pay that bill. Q. He had already gotten the rock? A. The street had been all finished then—long finished. Q. And he wanted you to pay that bill for him. A. Yes; he asked me to pay that bill. Q. What did you say in response to that? A. I told him, all right, I would pay it. I sent the railway company a check. I think I have their bill."

[1] There is nothing in this evidence which compels the conclusion that these advances were by agreement between the contractor and the money lender secured by the contract and bonds, particularly in view of the fact that all other advances were indorsed upon the contract, thus indicating

their purpose and agreement that the amounts so advanced were intended to be secured by the contract and bonds issued in pursuance thereof. The question of whether or not the advances made by O'Dea to the contractor were agreed and intended to be secured by the contract and bonds issued in pursuance thereof was a question of fact to be determined by the trial court from the evidence, and its finding is binding upon this court.

The appellant claims that the trial court erred in failing to include in the judgment an item of $666.20 of bonus agreed to be paid by the contractor to O'Dea for the advancement of the sum of $6,000 provided in the original contract. There is no merit in this contention, for it clearly appears from the findings that this item is included in the amount of $1,999.31 for which judgment was rendered in favor of M. F. O'Dea. The finding of the court that the balance of the secured advances unpaid was $1,999.31, "together with the additional sum of $666.20," is as to the latter statement clearly an inadvertence which was corrected both in the conclusions of law and the judgment which limits the amount of recovery of M. F. O'Dea to $1,999.31.

Judgment affirmed.

Lennon, J., Seawell, J., Myers, J., Lawlor, J., Kerrigan, J., and Waste, J., concurred.

Rehearing denied.

All the Justices concurred.